UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KELLEY J.,<br><br>                Petitioner,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>                Respondent. | Case No. 1:21-cv-00314-DCN-CWD<br><br>**REPORT AND RECOMMENDATION** |

## INTRODUCTION

Before the Court is Petitioner's Motion for Attorney Fees and Costs filed pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and 28 U.S.C. § 1920. (Dkt. 27.) Petitioner requests an award of attorney fees in the amount of $8,937.08, costs of $402.00, and reimbursement of expenses in the amount of $18.39. Respondent opposes Petitioner's request for EAJA fees, contending the award should be reduced to $6,526.04. (Dkt. 28.) As explained below, the Court will recommend that Petitioner's motion for EAJA fees be granted in part.

**REPORT AND RECOMMENDATION  - 1**

## BACKGROUND

Petitioner filed a Title II application for a period of disability and disability insurance benefits on January 10, 2018, alleging disability beginning February 1, 2015. (AR 97.) The application was denied initially and on reconsideration. The Administrative Law Judge (ALJ) conducted a hearing on March 25, 2020, and issued a decision on September 18, 2020, finding Petitioner was not under a disability at any time from February 1, 2015, the alleged onset date, through December 31, 2019, the date last insured. (AR 106.) The Appeals Council denied Petitioner's request for review, making the ALJ's decision final.

On July 30, 2021, Petitioner timely filed a petition for review. (Dkt. 1.) After filing the opening brief on April 7, 2022, Respondent requested additional time to resolve this case without further briefing. (Dkt. 19.) On June 15, 2022, Respondent filed a stipulated motion for remand, which the Court granted on June 21, 2022. (Dkt. 25.) Judgment was entered for Petitioner. (Dkt. 26.)

Petitioner now applies for an award of attorney's fees and reimbursement of expenses pursuant to the EAJA, 28 U.S.C. § 2412. (Dkt. 27.) In his motion, Petitioner requests reimbursement for 35.4 hours of attorney time totaling $8,937.08, and 7.8 hours of paralegal time totaling $780.00. Respondent contests the reasonableness of the fee request, countering that a reduction is appropriate and suggesting the Court award

$6,526.04.[1] Respondent does not object to Petitioner's request for reimbursement of costs and expenses.

In reply, Petitioner contends all of the attorney time and all but .6 hours of paralegal time spent on this matter was reasonably expended, refuting that time was billed for purely clerical tasks or duplicative work. (Dkt. 29.) Petitioner therefore asks for an additional $1,111.15 representing 4.8 hours of attorney time at the rate of $231.49 per hour for time spent drafting the reply brief in support of the motion for attorney fees. All told, Petitioner requests reimbursement of $9,988.23 for attorney fees and paralegal fees.[2] (Dkt. 29.)

## DISCUSSION

**1.    Legal Standard**

The EAJA provides for an award of attorney fees to private litigants who prevail in civil actions (other than tort) against the United States and timely file an application for fees and other expenses. 28 U.S.C. § 2412(d)(2)(A). Individuals successfully challenging a final decision of the Commissioner denying Social Security disability benefits are among those eligible for such awards. *Sullivan v. Hudson*, 490 U.S. 877 (1989). Under the EAJA, the Court must award attorney fees to the prevailing party unless it finds the Government's position was "substantially justified" or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

---

[1] The reduced fee award would represent an approximate 27% reduction in the total attorney fees requested. (.73 x 8,937.08 = $6,524.06).
[2] This sum takes into account the .6 hours of paralegal time Counsel agrees should be deducted.

**REPORT AND RECOMMENDATION  - 3**

The EAJA provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)(A). The Court applies the principles set forth in *Hensley v. Eckerhart*, 461 U.S. 424 (1983) to determine what constitutes a reasonable fee award under the EAJA. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). The prevailing party bears the burden to prove the fee amount requested is reasonable and must submit documentation in support of the fee request. *Hensley*, 461 U.S. at 437; 28 U.S.C. § 2412(d)(1)(B). To determine the amount of a reasonable fee, courts generally take "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The Court may reduce a fee award if inadequate documentation of the fees requested is provided or if fees are claimed for time that is "excessive, redundant, or otherwise unnecessary." *Id*. at 434. The Court may also consider other factors to adjust the fee upwards or downwards, "including the important factor of the results obtained." *Id*.

**2.     Analysis**

Respondent does not object to Petitioner's requested reimbursable expenses and costs. Further, Respondent concedes Petitioner is the prevailing party under the EAJA and does not claim substantial justification. Accordingly, an award of EAJA fees is proper, provided the fees requested are reasonable.

Petitioner seeks EAJA fees in the amount of $9,988.23 based on 2.7 hours of attorney time at an hourly rate of $217.54; 37.5 hours of attorney time at an hourly rate of 231.49; and 7.2 hours of paralegal time at an hourly rate of $100.00. (Dkt. 27-1, 29.) Respondent does not object to the claimed hourly rates, and the Court finds the rates for

**REPORT AND RECOMMENDATION  - 4**

attorney work performed in 2021 and 2022 are consistent with the caps provided by statute.[3] Accordingly, the hourly rates proposed by Petitioner are reasonable.

However, Respondent maintains that the hours expended by Petitioner's counsel were not reasonable for the following reasons: (1) non-compensable clerical time was billed; (2) duplication of effort by attorneys; (3) the case presented routine issues; and (4) the attorney fee award requested is higher than the national average for similar cases. Respondent contends that an approximate 25% reduction in the amount of attorney fees claimed represents a reasonable fee. As noted above, Petitioner concedes that .6 hours of clerical time billed at the paralegal rate of $100 is properly excluded. However, Petitioner's counsel defends the time spent on this matter, and the firm's method of staffing the case.

This is not the first fee petition by this counsel that the Court has reviewed. *See* Order, *Smith v. Kijakazi.*, No. 1:20-cv-00105-CWD (D. Idaho Nov. 22, 2021), ECF No. 21. Despite exercising billing judgment, the Court remains critical of counsel's fee application. Accordingly, the Court will recommend a fee reduction in this case, but not to the extent Respondent suggests. The Court will first address paralegal time, followed by attorney time claimed.

---

[3] *See* United States Courts for the Ninth Circuit, Statutory Maximum Rates Under the Equal Access to Justice Act, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (providing that statutory maximum hourly rate, adjusted for increases in the cost of living was $217.54 for 2021, and $231.49 for the first half of 2022).

**REPORT AND RECOMMENDATION - 5**

### A.   Paralegal Time

Several time entries appear to be clerical in nature, including .6 hours for "Files received, reviewed and processed from intake department for attorney review;" .6 paralegal hours for "FDC contract and other rep documents prepared for Client completion;" .3 hours for "FDC contract and other rep docs returned via Right Signature, reviewed for completion;" .6 hours for "Federal Court-Service of Process-prepare service packets to USAO, OGC, AG;"[4] .2 hours for "Combine and file proof of service via CM/ECF (n/c for filing);" 1.9 hours for "Combine, OCR, and Live Bookmark Federal Court Transcript (1892 pages);" and .3 hours for "Federal Court-Remand Referral Back to Referral Source." Aff. of Parkinson Ex. C. (Dkt. 27-4.) *See, e.g., Fryar v. Saul*, No. 7:19-CV-198-RJ, 2021 WL 769664, at *2 (E.D.N.C. Feb. 26, 2021) (describing such tasks as clerical).

Time reasonably spent on pre-complaint investigation, legal research, and informal discovery relevant to developing the theory of the case is recoverable under the EAJA. *Lucas v. White*, 63 F. Supp. 2d 1046, 1058-59 (N.D. Cal. 1999*); see also Ward v. Astrue*, No. 3:11-CV-523-J-TEM, 2012 WL 1820578, at *2 (M.D. Fla. May 18, 2012) (internal citations omitted) (Plaintiff's counsel's hours for pre-complaint work of reviewing the administrative file, creating Plaintiff's affidavit of indigency, and the motion for in forma pauperis status are reasonable for EAJA fees, including telephonic conferences with client). However, clerical tasks are considered overhead, and thus are

---

[4] Respondent agrees this is noncompensable clerical work. Reply at 3. (Dkt. 29.)

**REPORT AND RECOMMENDATION  - 6**

not compensable under the EAJA because the services do not require professional skill or expertise. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989); *Teeter v. Comm'r of Soc. Sec.,* No. 1:11CV2376, 2013 WL 5279102, at *6 (N.D. Ohio Sept. 18, 2013) ("time spent merely logging in docketing information such as time deadlines and in making and sending copies to the client or the Commissioner's counsel are non-compensable since they are essentially clerical, while actually preparing and filing submissions to the court or communicating with the court are compensable as traditional attorney functions").

Here, the entry titled "Federal Court-Remand Referral Back to Referral Source" is an administrative task rather than legal research or analysis conducted to develop the theory of the case. *See Klein v. Colvin*, No. 1:14-CV-1496, 2016 WL 3654458, at *4 (M.D. Pa. July 8, 2016) ("Time spent corresponding with referral sources is noncompensable under the EAJA whether accomplished by attorneys or support staff as such endeavors do not further the client's extant cause."). Accordingly, it is non-compensable as clerical work. The two tasks related to preparing and receiving contracts and other representation documents from the client are likewise clerical. *See Sassan v. Comm'r of Soc. Sec.*, No. 1:08-CV-120, 2010 WL 3892220, at *3 (W.D. Mich. Jan. 13, 2010) (holding that "drafting and sending forms to plaintiff, efforts to locate plaintiff, and receiving forms from plaintiff" were non-compensable clerical tasks), *adopted by* 2010 WL 3843767 (W.D. Mich. Sept. 28, 2010). Additionally, the 1.9 hours of paralegal time spent combining and bookmarking the administrative record[5] is clerical in nature, as an

---

[5] Petitioner conceded such time was clerical in *Smith v. Kijakazi*, No. 1:20-cv-00105-CWD, ECF No. 20, yet did not do so in this matter. The Court will not look kindly upon requests for compensation to

**REPORT AND RECOMMENDATION - 7**

attorney does not traditionally perform this task. *Hyatt v. Barnhart*, 315 F.3d 239, 255 (4th Cir. 2002) ("Although fees for paralegal time may be recoverable under the EAJA, such fees are only recoverable to the extent they reflect tasks traditionally performed by an attorney and for which the attorney would customarily charge the client."). Similarly, the time entries for processing files from the intake department, preparing service packets, and combining the proof of service documents into one .pdf document, are clerical in nature.[6] In total, including the .6 hours Petitioner concedes is clerical work, 4.5 hours of time appears to be non-compensable clerical work.

Respondent objects also to the three different timekeepers involved with preparing the EAJA fee petition. The bulk of time, 1.5 hours, was spent by a paralegal preparing the information, and an attorney thereafter spent .5 hours finalizing the briefing. The .7 paralegal hours spent "readying" the EAJA motion, memorandum, timeslips, and exhibits appears clerical as it describes work involved in creating a .pdf document to prepare it for filing. Accordingly, the Court will recommend that .7 paralegal hours be deducted.

The Court therefore will recommend that, of the 7.8 hours attributed to paralegal time, 5.2 hours of paralegal time billed at $100 be deducted, resulting in paralegal fees of $260.00.[7]

---

download the administrative record in the future. Further, Court staff performs the same task to review the record, and in the Court's experience, it does not take two hours to do so.

[6] Upon review of the docket entries corresponding to these tasks, no legal acumen was required to create .pdf documents in preparation for filing.

[7] Respondent objected also to .2 hours of paralegal time spent described as "Telephone call with Client re: IFP assessment, Client will pay filing fee." The Court disagrees that this task is clerical in nature. Some explanation of the IFP application process and whether Petitioner qualifies is required, and the description of the task reflects one that would traditionally be performed by an attorney for which the client would be billed.

**REPORT AND RECOMMENDATION - 8**

### B. Attorney Time

Turning to the time spent by the attorneys on this matter, Respondent objects to the 30.3 hours spent preparing the opening brief, suggesting a reduction of 7.6 hours of briefing time. Respondent argues that not only were the issues not complex, but that counsel is experienced and could have proceeded more efficiently. Respondent also takes issue with the staffing of the case by multiple attorneys, contending that practice generated duplication of work on the brief as well as the EAJA application. Respondent requests an additional reduction of the time spent preparing the EAJA application by 1.4 hours.

The Court agrees a reduction is warranted. However, the Court notes that the administrative record was relatively lengthy, at 1,892 pages. Also, the opening brief achieved resolution of the case, resulting in a stipulated remand. In that respect, Petitioner achieved an excellent result. Further, one attorney spent 28.9 hours drafting the brief which, in the Court's experience, is a reasonable amount of time for reviewing a sizeable record and drafting a cogent brief. Aff. of Parkinson Ex. B. (Dkt. 27-3; *see also* Dkt. 17.) *See also* Order, *George S. v. Kijakazi.*, No. 1:21-cv-00183-CWD (D. Idaho Nov. 1, 2022), ECF No. 24 (approving $6,900.00 in attorney fees encompassing 33 hours spent reviewing the record and drafting the opening brief).

The Court agrees with Respondent, however, that the additional 1.4 hours spent editing by three different attorneys (two senior attorneys and the attorney who initially drafted the brief) involved unnecessary duplicative time. Here, the .4 hours to "implement" edits previously made by the senior attorney appears clerical in nature. It is

**REPORT AND RECOMMENDATION - 9**

also not clear why local counsel spent another .6 hours making more edits. While some time is justifiable by local counsel, Petitioner did not explain why the initial brief, having been reviewed by a senior attorney already, required another round of editing. Accordingly, the Court will recommend that .4 hours for "implementing" edits and .3 hours of attorney time reflecting duplication of effort be deducted.

Similarly, the .5 hours spent by the senior attorney to preliminarily review the transcript and assign an attorney writer constitutes duplicative work. Presumably, the attorney writer reviewed the same transcript as part of their review and analysis recorded on April 1, 2022. (Dkt. 27-3 at 3.) The Court will recommend that .5 hours for this time entry also be deducted.

Respondent contends that the .1 attorney hours billed for drafting a status report regarding service of process is noncompensable clerical time that should be excluded. However, a review of the Court's docket reveals that attorney time was required to draft a status report and file it with the Court. (Dkt. 3.) The Court will recommend that this time be allowed.

Counsel requested reimbursement of attorney fees for 4.8 hours spent preparing the reply brief in support of the motion for attorney fees. The Court also recommends a reduction in the amount of the fees requested to prepare the reply brief. This is the second such review the Court has conducted of a fee petition prepared by this counsel upon objection by Respondent, and the Court has had to comb through counsel's billing records and deduct for clerical tasks and duplication of work. The Court reviewed these issues in *Smith v. Comm'r.*, which involved the same counsel, and the Court located

REPORT AND RECOMMENDATION - 10

relevant case law critical of similar billing practices. *See Fryar v. Saul*, No. 7:19-CV-198-RJ, 2021 WL 769664, at *2 (E.D.N.C. Feb. 26, 2021).[8]

Counsel is cautioned to exclude time for duplicative and clerical work. Accordingly, the Court will recommend that 4 hours of attorney time at the rate of $231.49 per hour for time spent drafting the reply brief be deducted for Petitioner's fee request.

All of the above recommended deductions, if adopted, would reduce Counsel's fee award to $8,324.49. Respondent contends that a greater reduction is warranted based, in part, upon the national average in fiscal year 2021, which Respondent argues supports a reduced fee award of $6,526.04. The Court declines, however, to recommend that Counsel's time be reduced further. *See Klein v. Colvin*, No. 1:14-CV-1496, 2016 WL 3654458, at *3 (M.D. Pa. July 8, 2016) (rejecting argument that requested fees should match the "average" fees awarded under the EAJA, explaining that the "concept of an average Social Security case…is highly amorphous."). Furthermore, while the national average of EAJA awards for fiscal year 2021 may indeed be more in line with the figure Respondent has suggested, Respondent overlooks that, in 2022, EAJA hourly rates increased. The bulk of counsel's work here was performed in 2022, utilizing the higher hourly rate.

---

[8] In *Fryar*, the court reduced fees attributable to "Files received, reviewed and processed from referral source for attorney review," "preparing and receiving contracts and other representation documents from the client," and "combining and bookmarking the transcript."

**REPORT AND RECOMMENDATION - 11**

Furthermore, the Court has painstakingly reviewed counsel's time entries, and finds that billing judgment was exercised in other areas. For example, counsel recorded time entries of .1 of an hour for reviewing and drafting emails, and reviewing notices from the Court. However, counsel billed .1 for approximately only 50% of these entries.[9] Moreover, it appears Respondent believes the opening brief should have taken only 22.7 hours to draft. But, as discussed above, the Court finds 28.9 hours is not unreasonable, based both on this record and in light of the Court's experience in similar cases. Accordingly, the Court will not recommend further reductions to counsel's fees.

## CONCLUSION

In light of the foregoing discussion, the Court will recommend that 5.2 hours of attorney time at the hourly rate of $231.49 and 5.2 hours of paralegal time at the hourly rate of $100.00 be deducted from Petitioner's EAJA fee request, resulting in an award under the EAJA of $8,324.49 in attorney fees and $18.39 in reimbursable expenses, and $402 in costs.

---

[9] For example, Petitioner's counsel billed .1 hours for an email exchange with opposing counsel regarding an extension to file Respondent's brief, and 0 hours to review the unopposed motion that was later filed. (Dkt. 27-3 at 3.) *See Fryar*, 2021 WL 769664 at *3-4 (noting that six minute increments can be problematic when small tasks that require less than six minutes are recorded separately, and reducing time accordingly).

**REPORT AND RECOMMENDATION  - 12**

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED that:**

Petitioner's Motion for Attorney's Fees (Dkt. 27) be **GRANTED IN PART as follows:**

1) Petitioner be awarded EAJA attorney fees in the amount of $8,324.49 and expenses in the amount of $18.39, pursuant to 28 U.S.C. § 2412(d); and costs in the amount of $402.00, pursuant to 28 U.S.C. § 1920. The award made under the EAJA is subject to offset under the Treasury Offset Program pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010).

2) Any payment of this award shall be mailed to Bradley D. Parkinson at:

> Bradley D. Parkinson, Esq.
> Peterson, Parkinson & Arnold, PLLC
> P.O. Box 1645
> Idaho Falls, Idaho 83403-1645

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: November 03, 2022

Candy W. Dale
U.S. Magistrate Judge