UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KELLEY J., <br><br> Petitioner, <br><br> v. <br><br> KILOLO KIJAKAZI, *Acting Commissioner of Social Security*, <br><br> Respondent. | Case No. 1:21-cv-00314-DCN-CWD <br><br> **ORDER ADOPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATION** |

**I. INTRODUCTION**

On September 16, 2022, Petitioner filed a Motion for Attorney Fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Dkt. 27. Respondent filed a response on September 30, 2022, requesting a reduction in the amount of attorney fees. Dkt. 28. Petitioner filed a reply on October 14, 2022. Dkt. 29.

On November 3, 2022, United States Magistrate Judge Candy W. Dale issued a Report and Recommendation ("the Report") in this matter recommending that Petitioner's Motion for Attorney Fees be granted in part. Dkt. 31. Pursuant to statute, Judge Dale gave the parties fourteen (14) days to file written objections to the Report and Recommendation. 28 U.S.C. § 636(b)(1). Petitioner filed an objection on November 17, 2022. Dkt. 32.

Having reviewed *de novo* the Report and Recommendation, the Court ADOPTS in PART and MODIFIES in PART the Report (Dkt. 31) for the reasons discussed below. The Court adds a few words by way of explanation of the Report to address Petitioner's

ORDER - 1

Objection. Ultimately, the Court GRANTS in PART and DENIES in PART Petitioner's Motion for Attorney Fees (Dkt. 27).

## II. LEGAL STANDARD

The district judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C). When a party objects, the district judge must make "a de novo determination of any portion of the magistrate judge's recommended disposition to which specific objection has been made." *Id.*

## III. DISCUSSION

Petitioner objects to the reduction of time from certain items in his EAJA fee request that Judge Dale deemed clerical or duplicative. Specifically, Petitioner's objections break down on two fronts: paralegal time and attorney time. The Court will address each in turn.

### A. Paralegal Time

As to the reductions in paralegal time, Petitioner objects to a reduction of 2.2 hours for the following tasks: first, 0.6 for a task labeled files received, reviewed, and processed from intake department; second, 0.9 for tasks relating to the creation and review of the retainer and fee agreement, as well as other documents needed for representation; and third, 0.7 for the time spent readying the EAJA motion, memorandum, timeslips, and exhibits. Dkt. 31, at 2. Beyond these, Petitioner does not object to the .6 paralegal hours conceded in his reply or the 2.4 paralegal hours reduced by Judge Dale not discussed in the objection. Dkt. 32, at 5.

ORDER - 2

For a prevailing party to recover fees for paralegal work, a paralegal must perform work traditionally done by an attorney. *Hyatt v. Barnhart*, 315 F.3d 239, 255 (4th Cir. 2002); *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988) (citing *Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982), *aff'd sub nom. Comm'r, I.N.S. v. Jean*, 496 U.S. 154 (1990). As already noted in the Report, time reasonably spent on pre-complaint investigation, legal research, and informal discovery relevant to developing the theory of the case is recoverable under the EAJA. Dkt. 31, at 6 (internal citations omitted). On the other hand, clerical tasks are not compensable under the EAJA because they do not require professional skill or expertise but are merely overhead. *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989).

Having thoroughly reviewed the record, the Court finds that Judge Dale's reduction of 0.6 hours for a task labeled files received, reviewed, and processed from intake department is correct. This task is clerical in nature and, as such, is not compensable. The Petitioner points to another district court to suggest that this task is compensable, but he misreads the law. Dkt. 32, at 2 (citing *Hamilton v. Comm'r of Soc. Sec.*, 2011 WL 10620498, at *3 (E.D. Mich. Aug. 15, 2011), *report and recommendation adopted*, 2013 WL 1759137 (E.D. Mich. Apr. 24, 2013)). Petitioner argues that the *Hamilton* court found that pre-complaint work, such as obtaining records and communications with the referring attorney and the client is related to, and necessary for, the eventual district court proceedings, and is thus compensable. *Id.* He is wrong. The *Hamilton* court found that *seeking an extension* from the Appeals Council to file a petition for judicial review, obtain records, and communicate with the referring attorney and the client was compensable. The

ORDER - 3

underlying tasks were "at the administrative level, which would of course not be compensable under [the] EAJA." *Hamilton*, 2011 WL 10620498, at *3.

The Court also finds the 0.7 spent on tasks relating to the creation and review of the retainer and fee agreement and other representation documents to be clerical in nature. This does not require professional skill and is essentially attorney overhead expense. *Sassan v. Comm'r of Soc. Sec.*, 2010 WL 3892220, at *3 (W.D. Mich. Jan. 13, 2010), *report and recommendation adopted as modified sub nom. Sassan v. Astrue*, 2010 WL 3843767 (W.D. Mich. Sept. 28, 2010). The Court likewise finds that the 0.7 hours spent readying the EAJA motion, memorandum, timeslips, and exhibits are clerical. Thus, the Court adopts Judge Dale's reasoning on paralegal fees in full.

### B. Attorney Time

As to the reductions in attorney time, Petitioner objects to a reduction of 6.3 hours for the following tasks: first, 0.4 hours for the drafting attorney to edit the brief; second, 0.3 hours of review by the attorney of record; third, 0.5 hours charged for initial review of the record; and fourth, 4 hours spent on the reply. Dkt. 32, at 3–4.

The Court disagrees with Judge Dale's reduction of the 0.4 hours to implement edits previously made by the senior attorney and 0.3 hours of review by the attorney of record. The Court finds that these are not merely clerical or duplicative in nature. Multiple rounds of editing are not unreasonable or unnecessary, especially in light of the results obtained. *Laurie B. v. Comm'r, Soc. Sec. Admin.*, 2022 WL 2149477, at *2 (D. Or. June 13, 2022). Given that the requested hours for these two tasks are not unusually high and the Court has found them not to be duplicative, the Court will not second-guess the staffing decisions of

ORDER - 4

the prevailing party. *See Smith v. Berryhill*, 2019 WL 1751835, at *2 (C.D. Cal. Feb. 20, 2019) (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008); *Nadarajah v. Holder*, 569 F.3d 906, 910 (9th Cir. 2009)).

The Court also disagrees with the reduction of 0.5 hours spent by the senior attorney preliminarily reviewing the transcript and assigning an attorney writer. While the drafting attorney undoubtedly reviewed the same transcript during their subsequent review and analysis, it is not unreasonable that the partner in charge spent some time familiarizing himself with the case's basics. *See Moreno*, 534 F.3d at 1115. What's more, the drafting attorney's exhaustive review of the record is not duplicative of the supervising attorney's minimal review of the same.

Judge Dale also reduced Petitioner's requested time for the reply (4.8) to 0.8 hours. Dkt. 31, at 10. She based this reduction on a previous case counsel worked on that required her to comb through counsel's billing records and deduct for clerical tasks and duplication of work. In that case, Judge Dale cited caselaw critical of similar billing practices that are present here. Dkt. 31, at 11 (citing *Fryar v. Saul*, 2021 WL 769664, at *2 (E.D.N.C. Feb. 26, 2021) (reducing fees for paralegal tasks deemed clerical)). But this alone doesn't warrant such a dramatic reduction.

Like Judge Dale, the undersigned also cautions counsel to exclude time for duplicative and clerical work, especially when reporting paralegal tasks. For this reason, the Court will reduce the time requested for the reply. But, because the Petitioner succeeded on a handful of arguments in the reply, the Court will only reduce the request by 1.5 hours.

ORDER - 5

Lastly, Petitioner requests $833.37 in fees for 3.6 hours spent on the objection at $231.49 per hour. Dkt. 32, at 4–5. The Supreme Court has held that fees for time and expenses incurred in applying for fees are covered in EAJA cases. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 165 (1990). The Court, however, will only award fees for fees that were successfully defended. *Accord Kenneth A. v. Berryhill*, 2019 WL 377613, at *7 (D. Or. Jan. 30, 2019). In other words, "fees for fees should be denied only for time spent defending rates that were reduced, whereas time spent defending rates that the Court ultimately finds reasonable would be compensable." *Id.*

Here, about half of the Petitioner's objection focused on defending paralegal rates that Judge Dale correctly reduced. For this reason, the Court will reduce the fee request for the objection to 1.8 hours.

## IV. CONCLUSION

Having reviewed *de novo* the Report and Recommendation, the Court adopts in full Judge Dale's deductions in paralegal time but modifies Judge Dale's deductions in attorney time as outlined above. Accordingly, the Court adds 3.7 hours of attorney time at the hourly rate of $231.49, totaling $856.51, to Judge Dale's recommended award. Additionally, the Court awards fees for 1.8 hours spent on the objection at $231.49, totaling $416.68. Adding these to Judge Dale's recommended award,[1] the Court awards $9,597.68 in attorney fees, along with the $18.39 in reimbursable expenses and $402 in costs correctly reflected in the Report.

---

[1] The underlying award for attorney fees was $8,324.49. Dkt. 31, at 12.

# V. ORDER

The Court HEREBY ORDERS:

1. The Report and Recommendation entered on November 3, 2022 (Dkt. 31) is ADOPTED in PART and MODIFIED in PART, consistent with the above analysis, and as set forth below.

2. Petitioner's Motion for Attorney Fees (Dkt. 27) is GRANTED in PART and DENIED in PART.

3. The Court awards Petitioner $9,597.68 in attorney fees.

4. The Court awards Petitioner $18.39 in reimbursable expenses.

5. The Court awards Petitioner $402.00 in costs.

DATED: January 17, 2023

David C. Nye
Chief U.S. District Court Judge